UNITED STATES ex rel. DAVIS v. WALLER.

(District Court, E. D. Pennsylvania. September 1, 1915.)

No. 71.

ARMY AND NAVY ☞44—NAVAL COURT-MARTIAL—JURISDICTION.

Under Rev. St. § 1621 (Comp. St. 1913, § 2948), providing that the Marine Corps shall be subject to the laws and regulations established for the government of the Navy, except when detached for service with the Army by order of the President, and when so detached they shall be subject to the rules and regulations of war prescribed for the government of the Army, a private in a brigade of the Marine Corps is not, while the brigade is detached for service with the Army by order of the President, subject to the laws and regulations of the Navy, and a naval court-martial has no jurisdiction over him, based on an act constituting an offense both by the rules and regulations of war prescribed for the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

government of the Army and the laws and regulations established for the government of the Navy.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 90–92; Dec. Dig. ☞44.]

Habeas corpus by the United States, on the relation of Tonkin S. Davis, against Colonel L. W. T. Waller, United States Marine Corps. Hearing on return to writ, replication and proofs. Conditional relief to relator granted.

John Doyle Carmody, of Washington, D. C., for relator.
Robert J. Sterrett, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa., for respondent.

DICKINSON, District Judge. This case comes before us as in effect a case stated to have section 1621 of the Revised Statutes (Comp. St. 1913, § 2948) judicially construed. We dispose of it as a case in which the facts appear of record by the pleadings. There is no controversy over the facts. We state them as presented by counsel for the United States.

The relator belonged to the Navy, serving in the Marine Corps. The brigade in which he was a private was detached for service with the Army by order of the President. While the brigade was on this detached service he was charged with having committed an act which is made an offense both by "the rules and articles of war prescribed for the government of the Army" and by "the laws and regulations established for the government of the Navy." For this he was placed under guard by military order. The next day the brigade to which he belonged was "by executive order withdrawn from the detached service of the Army." Subsequently he was brought "before a naval court-martial for trial," and was tried, convicted, and sentenced for an offense against the laws and regulations of the Navy. When arraigned for trial he entered a plea to the jurisdiction of the court. The plea was based upon the fact that at the time the offense was charged to have been committed he, as a private in a brigade of the Marine Corps, was serving with the Army, his brigade being on detached service with the Army by order of the President, and on the proposition of law that the Marine Corps, when on such service, is not subject to the laws and regulations of the Navy. The plea was overruled. He is now seeking to raise the same question through the present proceedings.

The fact is admitted. The legal conclusion is denied. The officials of the Army and Navy Departments, who have considered and passed upon the question, agree only in this: That it is one of doubt and difficulty, and that it turns upon the meaning of R. S. § 1621. That section is as follows:

"The Marine Corps shall, at all times, be subject to the laws and regulations established for the government of the Navy, except when detached for service with the Army by order of the President; and when so detached they shall be subject to the rules and articles of war prescribed for the government of the Army."

The question is:

"Was the relator subject to the laws and regulations established for the government of the Navy, or to the rules and articles of war prescribed for the government of the Army?"

The arguments presented in support of the opinions given during the court-martial proceedings, and since the finding, are so full and exhaustive that nothing of value can be added, unless perhaps it be this trite observation: The question is one the answer to which must be found by a resort to the statute. The moment one goes outside of the statute, and into the general considerations which surround the subject, there is evoked at once a flood of conflicting arguments of almost equal plausibility, which serve only to produce doubt and confusion of mind. We have stated the question. What answer does the statute give? It is that the relator was subject to the Naval Code unless he was on service with the Army, in which latter event he was subject to the Army Code. There is really nothing to be added to this clear answer. Some aid might possibly be gained by a view of the answer from another angle. This is afforded by transposing the clauses in the sentence quoted from the act. If we do this, we have this as the result:

"The Marine Corps is subject to the articles of war while on service with the Army by order of the President. At all other times it is subject to the laws and regulations of the Navy."

We were impressed with this as the true meaning of the statute at the hearing. At the request of counsel for the United States a decision was withheld awaiting the submission of paper books. These have been submitted. As we interpret that on behalf of the United States, it is an admission that the argument at bar against the above construction of the act of Congress was unsound, but that the jurisdiction of the naval court-martial can be upheld by the distinction between laws which define the offense and laws which constitute the tribunal by which the offense is to be tried. The logic of this is that it admits the relator could not be tried for an offense against the navy regulations and drives us to the position that, although he could be tried only for an offense defined by the articles of war, he might be tried by either a navy or army court-martial.

The argument has more plausibility than convincing power. The distinction between the offense defined by a law and the court constituted by the same law to try the offender is clear enough and is recognized. The argument concedes, however, that the offender cannot be tried for any act not made an offense by the body of laws and regulations to which he is subject. The same laws and regulations which define the offense constitute and designate the court which is to try the offender. By what token, then, can it be said that the offender is subject to some of these laws and regulations, but not to others?

The reference to prior legislation gives no comfort of aid to the argument. Granted that the status of the Marine Corps was at first doubtful. It rendered service at times with the Navy and at times with the Army, without being definitely or permanently attached to

either department. Its "primary" relation was finally settled to be with the Navy, but it had special and temporary army relations when on service with the Army. The early statutes gave recognition to this by providing that it should be subject to the laws and regulations of the Navy, except when detached by order of the President for service with the Army. The present statute added the clause that when so detached it should be subject to the articles of war. This does not weaken, but confirms, the inference that Congress has expressed the meaning above given to the statute. The conclusion reached is that the relator was not subject to the laws and regulations of the Navy, and that a court established by these laws was without authority of law to impose or enforce the sentence pronounced.

This conclusion indicates the disposition which should in the usual course be made of this proceeding. A very practical feature of the case, however, is that through the remission of a part of the sentence imposed it is about to expire. The relator has already undergone imprisonment while his case was under consideration. He was charged with the commission of an act which was an offense under the articles of war. For this he was arrested by being placed under guard by the military authorities. The conclusion reached involves the thought that this restraint of his liberty was in accordance with law. The relator, rather than submit himself to an order of the court, might prefer to await the time of his release by expiration of his sentence. We have therefore concluded to dispose of the question submitted to us as has been done, and grant leave to relator to move for such order as he may ask to have made.

In this connection, also, we wish to add that we have not considered the question of the power of the District Courts to issue writs of habeas corpus in cases of this general character. When the cause was argued at bar, we understood that no such question was raised; but a ruling on the question we have discussed was desired by the authorities of both the War and Navy Departments, as well as the relator. We have therefore disposed only of the question raised at the argument.